Lester **WHEELER**, Plaintiff-Appellant,

v.

**LYKES BROS. STEAMSHIP COMPANY,**
**Inc., et al., Defendants-Appellees.**
**Appellees.**

No. 28756

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 14, 1970.

Rehearing Denied Oct. 14, 1970.

---

* ■ Rule 18, 5th Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Charles R. Maloney, Eldon E. Fallon, New Orleans, La., for plaintiff-appellant.

Benjamin W. Yancey, M. D. Yager, New Orleans, La., for defendants-appellees, Terriberry, Carroll, Yancey & Farrell, New Orleans, La., of counsel.

Before WISDOM, THORNBERRY and CLARK, Circuit Judges.

PER CURIAM:

The main question on appeal in this admiralty suit is whether the record supports the district court's findings of fact and judgment in favor of defendant-appellee Lykes Bros. Steamship Co. The plaintiff alleges that injuries he received while working aboard the SS MARJORIE LYKES as a stevedore foreman proximately resulted from an unsea-worthy condition of the vessel, namely, the insecure lashings of the cargo. The accident occurred in the following manner: The plaintiff was supervising cargo discharge operations at the No. 3 hatch in the early morning hours of September 7, 1963. The longshoremen were discharging bundles of cotton ties, using the vessel's cargo gear to which was attached wire rope slings with an eye at each end and a traveling hook in between. The wire rope slings were used to carry the bundles from the ship to the wharf, with the empty slings then being returned from the wharf to the hatch by the vessel's cargo gear. The accident occurred as plaintiff was standing on the main deck along the inshore or starboard coaming of the No. 3 hatch and was looking into the cargo hold. He turned to his left and started to walk aft when he was struck by a section of a portable crane boom which was part of the ship's deck cargo and was lashed to a flatbed trailer, also part of the deck cargo, stowed on the starboard side of the hatch. The crane boom was lashed to the trailer bed by double strands of wire placed along the length of the boom and tightened to hold the boom firmly in position. The accident occurred when the empty wire rope sling was being returned from the wharf to the hatch by the No. 3 hatch winches and became caught on the deck cargo, pulling it free from its lashings.

The plaintiff alleged that the accident was a proximate result of the inadequate lashings which secured the crane boom to the trailer bed. These lashings were of 8 gauge wire. The plaintiff complains that the district court ignored all the testimony on this point, but the record discloses, and we find, ample evidence to support the district court's conclusion that the deck cargo was properly secured. There was evidence of multiple inspections of the deck cargo lashings before the SS MARJORIE LYKES sailed to the United States and during her voyage. Also, the cargo was secured by double strands of this wire at several different points along

the crane boom. Furthermore, there is direct evidence that the accident occurred because the longshoreman winch operator failed to raise the empty wire rope sling sufficiently high to clear the deck cargo.

Plaintiff also contends that "somehow [he] did not receive full due process" because the winch operator, whom the district court concluded was the cause of the accident, was not called as a witness by the appellee. Plaintiff appears to rest this argument on the idea that the district court could not properly find the winch operator negligent unless the court had heard the winch operator's testimony. There is no merit to this argument. In the first place, nowhere in the court's findings of fact and conclusions of law did the trial judge "find the winch operator negligent." A determination of negligence would have been superfluous because the district judge was simply trying to ascertain what caused the deck cargo to fall. Since there was already ample and direct evidence that the cargo hook hung up on the boom and pulled it right off the trailer, and further, that there was no difficulty entailed in clearing the deck cargo if the winch operator raised the sling high enough, the winch operator's testimony was unnecessary.

As a final point, the plaintiff asserts that the district court "ignored" the Safety and Health Regulations for Longshoring pertaining to working surfaces and deck loads. This Regulation provides that "[e]mployees shall not be permitted to pass fore and aft over or around the deck loads unless there is safe passage." 29 C.F.R. § 1504.33. The requirement of a "safe passage," of course, calls for another fact determination by the trial court, and we cannot say that just because the trial court held against the plaintiff, it "ignored" the safety regulation. This point appears to be simply another way for the plaintiff to argue his differences with the fact findings of the trial court. There is no reversible error here.

We affirm.